# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **KENNETH NEWKIRK,** | ) | CASE NO. 7:19CV00648 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **WARDEN KISER,** | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Kenneth Newkirk, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that prison officials have wrongfully transferred him to a prison facility where he feels unsafe. Newkirk has not prepaid the requisite filing fee and applies to proceed in forma pauperis. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice based on Newkirk's prior civil actions that have been dismissed as frivolous or for failure to state claim.

Under 28 U.S.C. § 1915(b), all prisoner litigants suing government entities or officials are required to pay court filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Newkirk has at least three prior actions or appeals that have been dismissed as frivolous or malicious, or for failure to state a claim. See, e.g., Newkirk v. Shaw, No. 3:14CV426-HEH, 2014 WL 4161991, at *3 (E.D. Va. Aug. 19, 2014); Newkirk v. Circuit Court, No. 3:14CV372-HEH, 2014 WL 4072212, at *3 (E.D. Va. Aug. 14, 2014); Newkirk v. Lerner, No. 3:13CV364-

HEH, 2014 WL 587174, at *2-5 (E.D. Va. Feb. 14, 2014); Newkirk v. Chappell, No. 3:13CV73-HEH, 2013 WL 5467232, at *3 (E.D. Va. Sept. 30, 2013). See also Newkirk v. Clarke, 3:18CV205-HEH (E.D. Va. Apr. 13, 2018) (dismissing under § 1915(g)). Accordingly, Newkirk may proceed in forma pauperis (without prepayment of the filing fee) only if he can show that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Newkirk states that he is confined at the "SAM's mental health program" at Wallens Ridge State Prison. He alleges that Wallens Ridge officers are cruel to inmates and do not wear body cameras; visitors are told not to drink the water; the religious diets are cold and unsanitary in unspecified ways; and he cannot get adequate mental health treatment. Newkirk describes one occasion when a correctional officer allegedly bent his left hand upward while escorting him to the shower and caused him pain for which he took Motrin. This isolated event and Newkirk's unsupported generalizations about Wallens Ridge do not support a finding that he was in continuing, imminent danger of serious physical harm when he filed this action.

Because the records reflect that Newkirk has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm, the court denies him the opportunity to proceed in forma pauperis and dismisses the complaint without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of October, 2019.

/s/ Jr Conrad

Senior United States District Judge