# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KENNETH NEWKIRK,**<br>    **Plaintiff,** | Civil Action No. 7:19CV00648 |
| | **MEMORANDUM OPINION** |
| v. | |
| | By:  Glen E. Conrad |
| **WARDEN KISER,** | Senior United States District Judge |
|     **Defendant.** | |

Plaintiff Kenneth Newkirk, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging that prison officials wrongfully transferred him to a prison facility where he felt unsafe, in violation of his constitutional rights.  The court has repeatedly advised Newkirk that if he wishes to proceed with this case, he must provide certain financial information to the court and consent to pay the applicable filing costs through installments.  Because Newkirk now insists that he will not comply with these conditions, the court must dismiss this case without prejudice.

Under 28 U.S.C. § 1915(b), all prisoner litigants filing federal civil actions are required to pay court filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account.  Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Newkirk has at least three prior actions or appeals that have been dismissed as frivolous or malicious, or for failure to state a claim.[1]  Accordingly, Newkirk may proceed in forma pauperis (without prepayment of the filing fee) only if he can show that he faces imminent danger of serious physical injury.  See id..  When Newkirk initially filed this case, the court dismissed it under § 1915(g), finding that he had not shown imminent danger.  He appealed.  The court of appeals vacated the dismissal order and remanded the case, upon finding that Newkirk had alleged a pattern of official conduct reflecting a likelihood of imminent serious physical injury.  Therefore, the Court remanded the case for further proceedings.

All prisoners, however, must pay the full filing fee for a civil action.  See 28 U.S.C. § 1915(b).  Therefore, on August 7, 2020, the court entered an order, requiring Newkirk to prepay the filing costs or to submit financial paperwork required for him to qualify to pay those costs in installments.  Newkirk responded to the court's order, stating that he would not consent to pay a filing fee for this case, because he is already paying a filing fee for a separate case he filed earlier in the United States District Court for the Eastern District of Virginia against the same defendant.  Although Newkirk does not provide the case number for his Eastern District case, it appears from records online that he is referring to Newkirk v. Kiser, No. 3:19CV150-HEH.  The Eastern District dismissed that case without prejudice by order dated March 20, 2019, and Newkirk's appeal of that decision was dismissed for failure to prosecute.  The fact that Newkirk filed a separate civil action in another court against the same defendant, for which he has been required to pay a filing

---

[1] See, e.g., Newkirk v. Shaw, No. 3:14CV426-HEH, 2014 WL 4161991, at *3 (E.D. Va. Aug. 19, 2014); Newkirk v. Circuit Court, No. 3:14CV372-HEH, 2014 WL 4072212, at *3 (E.D. Va. Aug. 14, 2014); Newkirk v. Lerner, No. 3:13CV364-HEH, 2014 WL 587174, at *2-5 (E.D. Va. Feb. 14, 2014); Newkirk v. Chappell, No. 3:13CV73-HEH, 2013 WL 5467232, at *3 (E.D. Va. Sept. 30, 2013).  See also Newkirk v. Clarke, 3:18CV205-HEH (E.D. Va. Apr. 13, 2018) (dismissing under § 1915(g)).

fee, does not excuse him from paying the filing fee for this separate civil action that he filed in this court.  See 28 U.S.C. § 1915(b).

On September 2, 2020, the court entered a second order directing Newkirk to provide the required financial information to proceed in this action by making installment payments toward the filing costs.  Instead of complying, Newkirk filed an interlocutory appeal of the court's order, and the case was stayed, pending the outcome of that appeal.  That appeal was dismissed, and the court of appeals entered a Rule 45 Mandate on November 17, 2020.

On November 18, 2020, the court entered an order advising Newkirk, once again, that he would have to provide the required financial information to proceed with the action by making installment payments.  He moved for, and was granted, an extension until January 15, 2021.  On December 1, 2020, the court of appeals forwarded to the court Newkirk's Notice of Appeal mistakenly submitted to that court on November 13, 2020.  Attached to the Notice is a letter from Newkirk, stating "the Western District Court is trying to get me to pay twice for this civil suit." See ECF No. 41.  In fact, the attached documents indicate that this court is only collecting the appeal fee for Newkirk's interlocutory appeal.  As stated, Newkirk has not yet provided necessary financial information to go forward with this civil action itself, nor is the court collecting installment payments toward the filing fee for the case.  In response to this second Notice of Appeal, the court stayed the case again.

In January 2021, Newkirk responded by filing briefs about other matters unrelated to the underlying claims in this action:  an "Emergency Addendum" seeking an appeal bond, because he believes prison officials have not adequately managed safety restrictions to prevent inmates from contracting COVID-19 and that he has not received appropriate medical care for hemorrhoids,

3

ECF No. 44; and a "Motion to Vacate," asking for an immediate evidentiary hearing concerning alleged constitutional problems with past criminal proceedings against him in state court and with medical care for his hemorrhoids, ECF No. 48. On January 15, 2021, the court received Newkirk's letter stating: "I will not send the 6 month account statement nor will I comply with P.L.R.A. requirements for this civil case until my motion to vacate has been fully heard and adjudicated [sic]." Ltr., ECF No. 47.

The record clearly reflects that Newkirk has repeatedly refused to comply with the statutory requirements to allow him to proceed with this case. He has filed a second appeal that he knows, from prior experience, will be dismissed as interlocutory, because it challenges a non-final order. Newkirk also clearly states that he will not consent to having installment payments toward the filing costs for this case withheld from his inmate trust account. Instead, he attempts to force the court to rule on his unrelated motion as a condition for his compliance with the court's conditional filing order. Because Newkirk unequivocally states his refusal to comply with the conditions required under 28 U.S.C. § 1915(b) for him to qualify to proceed with this case absent prepayment of the full filing costs, the court will dismiss this action, and the motions herein pending, without prejudice.

Newkirk's pending interlocutory appeal is no bar to dismissal, because it challenges a nonfinal and, thus, nonappealable order. A pending appeal of such a nonfinal order does not divest this court of jurisdiction to dispose of the underlying case. See Wright v. U.S. Bureau of Prisons, No. 87-7102, 1987 U.S. App. LEXIS, at *1 n.* (4th Cir. 1987) (unpublished) ("'[A] notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal.'")

4

(quoting United States v. Dunbar, 611 F.2d 985, 987 (5th Cir. 1980) (citation omitted)); Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply.") (citing Ruby v. Secretary of Navy, 365 F.2d 385, 388–89 (9th Cir. 1966) (en banc)).

The clerk is directed to send a copy of this memorandum opinion and accompanying order to Newkirk. Dismissal of the action without prejudice leaves Newkirk free to refile one or more of his claims, if properly joined, in one or more new and separate civil actions, provided that he complies with filing prerequisites for each of those cases.

**ENTER**: This __27th__ day of January, 2021.

                                                    Senior United States District Judge